# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                     No. 2:23-CR-1387 RB

TYLER NICOLAS COLE,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

Defendant Tyler Cole, charged with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), moves to dismiss the Indictment on the basis that § 922(g)(1) violates the Second Amendment. (Doc. 34.) The Court finds that a recent Tenth Circuit decision—*Vincent v. v. Garland*, 80 F.4th 1197 (10th Cir. 2023)—forecloses Cole's argument. Accordingly, the Court will **deny** the motion.

## I.    Background

According to the allegations in the Complaint, on March 7, 2023, officers with the Santa Clara Police Department observed Cole driving a vehicle with improperly functioning taillights. (Doc. 1 at 2.) The officers activated their emergency equipment and attempted to stop Cole, but he accelerated, leading the officers on a pursuit. (*See id.*) Cole eventually stopped the vehicle and fled on foot. (*See id.*) One officer saw Cole make a motion as if he was throwing something near a fence just before Cole was apprehended. (*See id.*) In a search incident to Cole's arrest, officers "located a Glock backstrap in Cole's pocket" and a Glock 19, 9mm handgun, "lodged in the metal fence in close proximity to the arrest location." (*Id.* at 3.) During a later search of Cole's vehicle pursuant to a warrant, officers found an AR-15 style rifle and ammunition. (*See id.*)

On September 14, 2023, Cole was indicted with two counts of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). (Doc. 22.) The indictment states that Cole possessed the firearms and ammunition "knowing that he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year . . . ."[1] (*Id.* at 1.) The indictment listed the prior crimes as "(1) trafficking controlled substances – possession with intent to distribute methamphetamine, (2) possession of a controlled substance, and (3) escape or attempt to escape from jail . . . ." (*Id.*)

Cole moves to dismiss the indictment on the basis that § 922(g)(1) is unconstitutional under the framework instituted by the United States Supreme Court in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 F. Ct. 2111 (2022). (Doc. 34.)

## II.     Legal Standards

Federal Rule of Criminal Procedure 12(b)(1) allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." The Court may entertain a motion to dismiss under Rule 12(b)(1) "that require[s] it to answer only pure questions of law." *See United States v. Pope*, 613 F.3d 1255, 1260 (10th Cir. 2010) (citations omitted). Cole's constitutional challenge is appropriately raised in a motion to dismiss because the Court may decide the question without considering any issues of fact. *See id.*

## III.    Analysis

At issue here is the constitutionality of 18 U.S.C. § 922(g)(1), which prohibits individuals "who [have] been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" from "possess[ing] in or affecting commerce, any firearm or

---

[1] On June 16, 2014, Cole was convicted of the following felony offenses: trafficking by possession with the intent to distribute a controlled substance (heroin); tampering with evidence; and possession of a controlled substance (methamphetamine). (*See* Doc. 1 at 4 (citing *New Mexico v. Cole*, D-608-CR-201400084).)

ammunition . . . ." Cole argues that § 922(g)(1) violates the Second Amendment and that his indictment should be dismissed. (*See* Doc. 34.) The Court finds Tenth Circuit precedent forecloses this argument.

The Second Amendment provides that "the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008), the Supreme Court affirmed "that 'the people,' not just members of the 'militia,' have the right to use a firearm to defend themselves." *See Bruen*, 142 S. Ct. at 2157 (Alito, J., concurring) (discussing the "key point" of *Heller*). Specifically, the *Heller* court opined that the Second Amendment protects "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Heller*, 554 U.S. at 635. The Supreme Court was careful to "observe[] that it wasn't 'cast[ing] doubt on longstanding prohibitions on the possession of firearms by felons.'" *Vincent*, 80 F.4th at 1199 (quoting *Heller*, 554 U.S. at 626). In 2009, the Tenth Circuit "applied this observation . . . to uphold the constitutionality of the federal ban on felons' possession of firearms." *Id.* (discussing *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009)).

More recently, "the Supreme Court clarified the standard for applying the Second Amendment and reviewing firearm regulations." *See United States v. Mann*, No. 22-CR-01322-JCH, 2023 WL 6930435, at *1 (D.N.M. Oct. 19, 2023) (discussing *Bruen*, 142 S. Ct. at 2129). In analyzing a Second Amendment challenge, courts are to apply a two-pronged approach, asking first "whether "the Second Amendment's plain text covers an individual's conduct." *Id.* (quoting *Bruen*, 142 S. Ct. at 2129–30). If it does, "then 'the Constitution presumptively protects that conduct,' and 'the government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.'" *Id.* (quoting *Bruen*, 142 S. Ct. at 2130). The Court may uphold the regulation if the government meets its burden. *See id.*

3

Cole does not develop any argument to support a finding that § 922(g)(1) fails under *Bruen*. (*See* Doc. 34.) Indeed, he acknowledges the Tenth Circuit explicitly answered his challenge in *Vincent*. (*See* Doc. 34 at 1–2.) In *Vincent*, the Tenth Circuit analyzed whether *Bruen* abrogated *McCane*, the 2009 case upholding the constitutionality of § 922(g). *See Vincent*, 80 F.4th at 1200. The Tenth Circuit found that the *Bruen* opinion "contains two potential signs of support for [longstanding] prohibitions" on possession of firearms by felons. *Id.* at 1201. First, "six of the nine Justices pointed out that *Bruen* was not casting doubt on . . . language in *Heller*[,]" which stated that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons" and that "felon dispossession statutes are 'presumptively lawful.'" *Id.* (quoting *Heller*, 554 U.S. at 626–27 & n.26) (citing *Bruen*, 142 S. Ct. at 2157, 2162, 2189 (and listing the six Justices)). Second, the *Bruen* "Court arguably implied that it was constitutional to deny firearm licenses to individuals with felony convictions" when it "approved the constitutionality of regulations requiring criminal background checks before applicants could get gun permits." *Id.* at 1201–02. Considering these "signs of support," the *Vincent* court "conclude[d] that *Bruen* did not indisputably and pellucidly abrogate [its] precedential opinion in *McCane*." *Id.* at 1202. As "*McCane* squarely upheld the constitutionality of the ban on felons' possession of firearms" regardless of "the type of felony involved[,]" the Tenth Circuit agreed that § 922(g)(1) is constitutional "for *any* convicted felon's possession of a firearm." *See id.*

Despite this clear direction from the Tenth Circuit, Cole notes that a circuit split "exists regarding the proper application of *Bruen*." (Doc. 34 at 2.) Though it may be true that other circuits have gone a different direction, this Court is bound by *Vincent*. *See United States v. Spedalieri*, 910 F.2d 707, 709 (10th Cir. 1990) (noting that "[a] district court must follow the precedent of this circuit") (citations omitted). Nor is the Court persuaded that a decision in a case currently pending

before the Supreme Court that concerns the constitutionality of § 922(g)(8) will necessarily impact § 922(g)(1) or the Indictment in this case. (*See* Doc. 34 at 2–3.)

Cole's motion to dismiss fails.

**IT IS THEREFORE ORDERED** that Cole's Motion to Dismiss Indictment (Doc. 34) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE